UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GLENN S. VICIAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14-CV-20 JD |
| | ) |
| VALIANT INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This case is part of a dispute over legal malpractice insurance coverage, arising out of sanctions assessed against the insureds for violating an automatic bankruptcy stay. In *Bowman, Heintz, Boscia & Vician, P.C. v. Valiant Insurance Company*, No. 2:13-cv-79 (N.D. Ind.), the law firm Bowman, Heintz, Boscia & Vician, P.C. sued Valiant Insurance Company, its malpractice insurer, alleging that Valiant breached its insurance policy by failing to defend and indemnify the firm against a motion for sanctions before a bankruptcy court. The factual background of that matter is fully set forth in this Court's August 1, 2014 opinion in that case. 2014 WL 3818235. The Court ultimately resolved that action against the firm on summary judgment, holding that the firm failed to provide Valiant with proper notice of the claim, as required under the policy, and also that the sanctions for which it sought coverage were not covered under the policy.

While that action was still pending, Glenn S. Vician, a partner at the firm, filed this action. The complaint is nearly identical, but substitutes Mr. Vician for Bowman Heintz as the plaintiff. In this action, Mr. Vician apparently seeks recovery of damages that he sustained personally due to Valiant's denial of the claim, as opposed to those that the firm sustained, but his assertion of liability is based on the same insurance policy, the same underlying events, and

the same claim for coverage as the other action. Because the Court concluded in the *Bowman Heintz* action that Valiant had not breached its duties under the policy as to these events, the Court ordered Mr. Vician to show cause why this action should not be dismissed for the same reasons. [DE 12]. Mr. Vician has not responded to the Court's order or sought an extension of time, nor has Bowman Heintz appealed from or sought reconsideration of the Court's entry of judgment in its related action such as to call the Court's resolution of that action into question.

Under Rule 56 of the Federal Rules of Civil Procedure, "After giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). The Court gave Mr. Vician the requisite notice in its August 14, 2014 order [DE 12], and he has not responded. Based on the Court's own review of the record and its consideration of the motions for summary judgment in the *Bowman Heintz* action, the Court cannot identify any reason why this action should not be dismissed for the same reasons as the *Bowman Heintz* action. Accordingly, for the same reasons discussed at length in the Court's August 1, 2014 order dismissing that matter, the Court finds that Valiant is entitled to judgment as a matter of law. This action is therefore DISMISSED, and the Clerk of the Court is DIRECTED to enter judgment in favor of the defendant.

SO ORDERED.

ENTERED: September 25, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court